UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL ASANTE,

        Plaintiff,

  v.

PBP KENTARO MANA,

        Defendant.

Case No. 3:24-cv-01143-YY

FINDINGS AND RECOMMENDATIONS

*Pro se* plaintiff Michael Asante has brought this action against defendant PBP Kentaro Mana. Compl., ECF 1. Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"). *See* Order Show Cause, ECF 4. The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief."

1 – FINDINGS AND RECOMMENDATIONS

Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). *Pro se* "pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Here, other than stating that the case presents a federal question, plaintiff's complaint says nothing about what claim or claims he is asserting, and fails to allege any facts supporting a claim for relief. The court identified these deficiencies to plaintiff, ordered him to file an amended complaint by August 22, 2024, and admonished him that his case would be dismissed if he failed to do so. However, plaintiff has failed to file an amended complaint curing the defects. Therefore, pursuant to 28 U.S.C. § 1915(e)(2), his case must be dismissed.

## RECOMMENDATIONS

This case should be dismissed without prejudice.

//

//

//

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, September 13, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 27, 2024.

        /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge